10530

TRUSTEES OF THE PROTESTANT EPISCOPAL CHURCH IN SOUTH CAROLINA v. THE CHURCH OF THE MESSIAH, NORTH SANTEE, *ET AL.*

(105 S. E, 414.)

1. RELIGIOUS SOCIETIES — SERVICE ON LAST-APPOINTED TREASURER AND VESTRYMAN HELD SUFFICIENT.—In an action against a church with a dormant parish, service on the last-appointed treasurer and vestryman *held* sufficient to give the Court jurisdiction, though the church defaulted.

2. RELIGIOUS SOCIETIES—TRUSTEES HELD ENTITLED TO CUSTODY OF PROPERTY OF CHURCH.—The trustees of the Protestant Episcopal Church in South Carolina, incorporated by special act of February 2, 1901, as amended March 5, 1916, with power to hold all property belonging to any of the corporations, churches, or dormant parishes formerly connected with said church, but which have ceased to have active operation, *held* entitled to the custody of the property of a church with dormant parish as against the former warden of the church, who held the custody without having been legally appointed a trustee and without having any legal title therein.

Before GARY, J., Charleston, May, 1920. Affirmed.

Action by the Trustees of the Protestant Episcopal Church in South Carolina against the Church of the Messiah, North Santee, and William Lowndes. From order requiring the defendant, William Lowndes, to transfer to the plaintiff all property of the defendant church, William Lowndes appeals.

Following is the Circuit Court's decree referred to in opinion:

This case was commenced in the Court of Common Pleas for Georgetown county, and was transferred by order of Court to this county. It was heard on the pleadings and the testimony taken before the clerk of Court of Common Pleas for Georgetown county.

The object of the suit is to transfer the custodianship of the property of the Church of the Messiah, in Georgetown

county, from the defendant, William Lowndes, to the plaintiff.

The plaintiff is a corporation, incorporated by a special act of the legislature of February 2, 1901, which was amended on the 5th of March, 1916, so that the purposes and powers of the corporation should include the holding of all property belonging to any of the corporations, churches, or dormant parishes formerly connected with said church, but which have now ceased to have active operation. The plaintiff alleges that the Church of the Messiah is a dormant parish, in that it has not had a clergyman in charge of the parish for 10 years, and no services have been held in the church for 10 years, and that there is no prospect of the church employing a clergyman and opening for regular services, and it has failed for many years to elect a vestry and to send delegates to the annual councils of the Protestant Episcopal Church or to make the report as is required by the canons of the church, or to pay the assessment made by the councils, and for those reasons the plaintiff asks for the custodianship of the church property.

The defendant, the Church of the Messiah, North Santee, was incorporated in the year 1855. S. A. L. 12, p. 409. This parish participated in the annual councils of the church until the year 1909, when, owing to the removal from the vicinity of many families, there were not sufficient number of people left to constitute a congregation and support a church. At the council of the Protestant Episcopal Church for the year 1909 Dr. Robert Wilson, the rector, made following report:

"Church of Messiah, North Santee, Georgetown county; rector, the Rev. Robert Wilson, D. D.; warden, William Lowndes; secretary and treasurer, Fred. W. Ford. Number of families, 4; whole number baptized persons, 10. Communicants, last report—Male, 3; female, 12. Present number—Male, 2; female, 5.

"Remarks.—The disintegration of the parish by removal was completed in November, when three strong families were lost beside several occasional attendants. This left an available congregation of six individuals, one of whom was the warden. No services have been attempted since October. The rector has not resigned, there being no quorum of the vestry left to accept. The handful of earnest and faithful members still there are without services. The parish has a vested fund of $1,000 and besides the church owns a chapel and summer rectory on South Island. Owing to the abandonment of the rice interest, there appears no prospect of revival."

Thereafter the Church of the Messiah sent no delegates to the councils of the church, and ceased to have active operation. It will be noted from the above report that the defendant, William Lowndes, was warden of the said Church of the Messiah, and Frederick Ford its treasurer. Subsequently Mr. Ford moved from the vicinity of the parish, and upon the request of Mr. Lowndes turned over to him the funds of the church, which were in his possession since that time.

I am satisfied from the testimony that the Church of the Messiah is a dormant parish, formerly connected and in communion with the Protestant Episcopal Church in South Carolina, and that it has ceased to have active operation. The testimony of Bishop Guerry shows that the plaintiff is especially well equipped for the performance of caring for property of this kind; on the other hand, Mr. Lowndes is not the legally appointed trustee. He does not claim to have and has no legal title to the property. In the event of his death or disability the property might well be left without a custodian.

Mr. Lowndes is practically accountable to no one, for there is at present no congregation to call him to account. Under the broad powers of a Court of equity over the preservation

of trust funds, it is competent for this Court to direct a change of custodianship from one who has no legal authority to hold it to a corporation especially qualified by the act of legislature to undertake this task. The property so transferred should be held in trust for the Church of the Messiah, North Santee, until it has a congregation and is ready again to function as a church.

It is, therefore, ordered that the defendant, William Lowndes, transfer to the trustees of the Protestant Episcopal Church all funds and other property belonging to said church in his hands, possession, or under his control, and that the trustees of the Protestant Episcopal Church hold the said property in trust for the Church of the Messiah, North Santee, until it acquires a congregation, and is ready to operate and function as an active church, under the constitution and canons of the Protestant Episcopal Church in the diocese of South Carolina.

*Mr. Geo. F. VonKolnitz, Jr.,* for appellant, cites: *If a portion secede the adherents become entitled to privileges and property of the corporation:* 1 Speer's Eq. 125. *Rights of trustees in possession:* 24 A. & E. Enc. Law (2d Ed.) 342. *Right of Court to interfere with vestry and wardens:* 1 Strob. Eq. 202. *Powers of Courts of equity over corporations:* 20 A. & E. Enc. Law (1st Ed.) 798.

*Mr. Frank R. Frost,* for plaintiff-respondent, cites: *Court of equity has broad powers in the preservation of trusts and trust property:* 39 Cyc. 261, 277, 283, 287.

December 20, 1920.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The Circuit decree by Judge Gary contains a clear and sufficient statement of this case. Let it be reported.

The exceptions raise several questions:

1. That the Court has no power in this proceeding to transfer the title of the property to the plaintiff. This objection cannot be sustained, inasmuch as no attempt was made to deal with the title to the property. The order confines itself to the mere custody.

2. That there is no ground for changing the trustees of the property. In a sense, every one who holds or has the custody of the property of another is a trustee. The plaintiff is trustee merely to preserve the property for the purposes of "The Church of the Messiah, North Santee." The appellant has shown no right to the custody of the church; certainly no right to the money.

3. That the Church of the Messiah, North Santee, was not properly before the Court and its answer unauthorized. The last-appointed treasurer and vestryman was served and the Court had jurisdiction, even though the church was in default. The appellant will be fully protected in obeying the order of the Court.

4. The appellant claims that the plaintiff can hold only such property as is voluntarily turned over to it. The statute provides that it shall hold "all property belonging to any of the corporations, churches, or dormant parishes formerly connected with said church, but which have now ceased to have active operation." The statute fully provides for "The Church of the Messiah, North Santee."

The judgment is affirmed.

MESSRS. JUSTICES HYDRICK and WATTS concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE GAGE absent on account of sickness.